(78 South. 138.)

No. 21079.

SANDERS v. HUMPHRIES et al.

(Feb. 25, 1918.)

*(Syllabus by the Court.)*

1. SHERIFFS AND CONSTABLES ⬤⟹100, 158—ACTS OF DEPUTY—LIABILITY.

A sheriff is not liable, nor is the surety on his official bond liable, in damages for personal injuries to a citizen, inflicted recklessly by a deputy sheriff, unless it was done in violation of an official duty or in an unfaithful or improper performance of an official act.

2. SHERIFFS AND CONSTABLES ⬤⟹168(1)—PERSONAL INJURY BY DEPUTY—SUFFICIENCY OF PETITION.

The allegation that a deputy sheriff, while on duty as such and while acting as deputy, agent, servant, and employé of the sheriff, maliciously and recklessly shot and wounded the plaintiff, does not specifically charge that the wrongful act of the deputy sheriff was done in violation of an official duty or in an unfaithful or improper performance of an official act. Such an allegation, without any specification or averment of fact from which the court or jury might judge whether the wrongful act of the deputy sheriff was a violation or improper performance of an official duty, does not disclose a cause of action against the sheriff or the surety on his official bond for damages for personal injuries.

Monroe, C. J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Caldwell; George Wear, Sr., Judge.

Action by Alfred H. Sanders against John Humphries and others. Suit dismissed as to the said defendants on exception of no cause of action, and plaintiff appeals. Affirmed.

George Wear, Jr., of Jena, for appellant. C. P. Thornhill, of Columbia, for appellee W. E. Godfrey. Hudson, Potts, Bernstein & Sholars, of Monroe, for appellee American Surety Co.

O'NIELL, J. This is an action for damages for personal injuries alleged to have been inflicted upon the plaintiff by a deputy sheriff. The other defendants are the sheriff and the surety on his official bond. The suit was dismissed as far as they were concerned, on exceptions of no cause of action. The plaintiff prosecutes this appeal.

The only question to be decided, therefore, is whether the allegations of the petition disclose a cause of action against the sheriff and the surety on his official bond, or against either of them. The allegations on which is founded the action against the sheriff and his surety are the following, viz:

(1) That John Humphries, while on duty as a deputy sheriff of the parish of Caldwell, and while acting as deputy, agent, servant and employé of the sheriff, maliciously and recklessly assaulted, shot, and wounded petitioner with a pistol, without cause or provocation.

(2) That, inasmuch as W. E. Godfrey was the sheriff and the employer of John Humphries at the time of the assault upon petitioner, he is liable in solido for the damage done by John Humphries.

(3) That, under the terms and conditions of the sheriff's official bond (attached to the petition and made part of it), the American Surety Company of New York is liable in solido with the sheriff and his deputy for the damage inflicted upon petitioner by John Humphries while acting as deputy, agent, servant, and employé of the sheriff.

The conditions of the official bond required of a sheriff are fixed by Act No. 52 of 1880, p. 50, and the obligations of the bond attached to the plaintiff's petition are not greater than the statute requires, viz.:

That the sheriff "shall well and faithfully execute and make true returns, according to law, of all such writs, orders and process as shall come

into his hands as sheriff aforesaid to the person entitled by law to the same, and shall faithfully do and perform all such other duties as may be required of him by law."

[1, 2] The liability of the surety in this case, therefore, depends upon whether the plaintiff has alleged sufficient facts to show that the deputy sheriff violated, or failed to perform faithfully, a duty required of him by law. The surety is liable as well for a deputy sheriff's violation of an official duty, or for his failure to perform such duty faithfully, as for the sheriff's violation, or failure of faithful performances of official duty. But neither the sheriff nor the surety on his official bond is responsible for a wrongful act of a deputy sheriff unless it was done in violation or in an unfaithful or improper performance of an official duty.

The allegation that the reckless assault and shooting were done while Humphries was on duty as a deputy sheriff, and while he was acting as a deputy, agent, servant and employé of the sheriff, is not the same as to say that the acts were done in violation or in an unfaithful or improper performance of an official act.

In so far, however, as those allegations might be construed to mean that the assault and shooting were the result of a reckless performance of an official act of the deputy sheriff, the allegations manifestly express only the opinion or conclusion of the plaintiff in that respect. And that opinion or conclusion is, in effect, contradicted by the further allegation that the assault and shooting were done maliciously. Without any allegation of fact from which the court or jury might judge whether the wrongful act of the deputy sheriff was done in the performance of an official act, the petition does not disclose a cause of action against either the sheriff or the surety on his official bond.

The judgment appealed from is affirmed.

MONROE, C. J., dissents.