53 So.2d 121

BRITT et al. v. MERRITT et al.

In re PHILLIPS, Sheriff et al.

No. 39940.

April 23, 1951.

Rehearing Denied May 28, 1951.

Fraser & Fraser, Many, Gravel & Downs, Alexandria, for defendants-relators.

Dodd & Cutrer, Lake Charles, Major & Sander, Baton Rouge, amicus curiae.

Godfrey & Edwards, Many, for respondent.

HAWTHORNE, Justice.

Plaintiff, Mrs. Rosie Turnley Britt, individually and on behalf of her minor children, instituted suit against T. M. Phillips, the sheriff of Sabine Parish, The Maryland Casualty Company, the surety on his official bond, and C. C. Merritt, a deputy sheriff, to recover damages for the allegedly wrongful killing of her husband by the deputy sheriff Merritt. The district court maintained an exception of no cause or right of action filed by the sheriff and his surety. The Court of Appeal, Second Circuit, reversed the judgment of the district court and remanded the case for further proceedings. See 35 So.2d 281. After trial on the merits, the district court found that Merritt was liable to plaintiff in damages but dismissed the suit against the sheriff and his surety. The Court of Appeal affirmed the judgment of the lower court as to the liability of the deputy sheriff Merritt, but reversed it insofar as it dismissed plaintiff's suit against the sheriff and his surety and rendered judgment against them

also. See 45 So.2d 902. Application for writ of certiorari made to this court by the sheriff and his surety was granted, and the correctness of the judgment as to them is now before us for review under our supervisory jurisdiction.

After the order granting the writ had been issued but before the record had been lodged in this court, respondent filed a motion to recall the writ and dismiss the application therefor on the ground that the application failed to comply with Section 5 of Rule XIII of this court, in that the application was not accompanied by briefs filed in the Court of Appeal on behalf of plaintiff-appellant therein, respondent herein, and respondent argues that for this reason the writ should be recalled and the proceeding dismissed.

 In submitting their application for the writ to this court relators did not comply with Section 5 of Rule XIII, and their failure to do so would have justified this court's denying the application had the non-observance of this rule been noticed, but it affords no ground for dismissing and recalling the writ once it has been issued. See Pipes v. Gallman, 174 La. 265, 140 So. 43; Laurent v. Unity Industrial Life Ins. Co., 189 La. 426, 179 So. 586, 589. As pointed out in the Laurent case, supra, " * * * The requirement that certain documents shall accompany an application for a writ of review is intended for our convenience and information so that we might readily determine whether the case should be ordered up for decision by this court. * * *"

The case relied upon by respondent, Wilson Sporting Goods Co. v. Alwes, 204 La. 639, 16 So.2d 217, 219, does not support her contention. In that case relator had not complied with Section 7 of Rule XIII of this court which applies to remedial writs, and not to a writ of review to a court of appeal. As pointed out in that case, " * * * the requirement that in applications for remedial writs a copy of the petition must be delivered or mailed to the judge and to the adverse party, or his attorney, is for the convenience and information of the judge and adverse party in order that the judge or adverse party 'may submit immediately any reason that he or they may have to urge in opposition to the petition.' The fact that the requirement might indirectly work for the convenience and information of the court does not impair the primary purpose of the requirement—the convenience and information of the trial judge and the adverse party."

 The Court of Appeal correctly pronounced the law applicable to the merits of this case, in the following language:

" * * * ' * * * neither the sheriff nor the surety on his official bond is responsible for a wrongful act of a deputy sheriff unless it was done in violation or in an unfaithful or improper performance of an official duty.'

"Of course, the converse of this legal principle is correct. If a deputy's act is one ·in violation of an official duty or if he unfaithfully or improperly performs an official act in order to accomplish a desired end, and death or injury results, the sheriff and his surety on his bond are responsible in damages therefor." [45 So.2d 907.] See Sanders v. Humphries et al., 143 La. 43, 78 So. 168; Gray v. De Bretton et al., 192 La. 628, 188 So. 722. ·

Both relators and respondent concede that this principle of law is correct and is applicable in the·instant case. The question then resolves itself into one of fact, that ·is: Was the wrongful act of the deputy sheriff Merritt in killing Britt done in violation or in an unfaithful or improper performance of an official duty?

The pleadings and the facts surrounding the killing are set forth in detail and correctly by the Court of Appeal in its opinions, and it would serve no useful purpose ·for us to reiterate them herein.

■ The writer in all his experience has never read a record in which there appears so much perjured testimony and in which the witnesses were so hostile to the plaintiff, so reluctant to testify, and so steadfast in their refusal to remember matters about which they were questioned. We fully agree with the Court of Appeal that this record does not establish that the deputy Merritt was acting in self-defense, but on the contrary the physical facts support the view of that court that the deceased was not the aggressor.

After discussing the evidence the Court of Appeal posed to itself the question of why did Merritt shoot Britt, and then stated, "He either wilfully murdered him or shot him while acting in the capacity of deputy sheriff, in furtherance of the desire to stop him at any cost and search the vehicle for contraband liquor." Of these two theories that court stated that the latter was the more logical and probable, and supported by the evidence. It then concluded that it was the purpose of Merritt to halt Britt if they met, search the jeep, and arrest him if it contained spiritous liquors.

■ We regret very much that we are unable to agree with the Court of Appeal, but we have reluctantly come to the view that the evidence adduced does not support its conclusion. The burden of proof is on the plaintiff to make out her case by a preponderance of evidence and with legal certainty, and, in order to recover damages against the sheriff and his surety, she must establish by competent evidence that the action of the deputy sheriff in wrongfully killing the deceased occurred while he was engaged in the performance of an official duty, and not while he was acting as a private individual. Probabilities, conjectures, and suspicions are not sufficient for recovery.

■ After a careful reading of the entire record and an analysis thereof, we find that the plaintiff has failed to prove

that Merritt, the deputy, shot and killed the deceased in an effort to halt him, search the jeep, and make an arrest if it contained intoxicating liquors. The only evidence in the record which would tend to establish that Merritt was attempting to halt the deceased and search his jeep for intoxicating liquors is alleged statements to this effect, made by Merritt and others prior to the trial and after the homicide, but all the parties, except one, to whom these statements were attributed or in whose presence they were made either testified that they remembered no such statements or flatly denied that the statements were ever made. One witness testified that Merritt had a conversation with him and the sheriff shortly after the homicide in which Merritt related that he was trying to stop Britt to search him for liquor when he killed him. The sheriff flatly denied that this conversation ever took place. Thus the record by no means establishes to our satisfaction by a preponderance of the evidence and with legal certainty that Merritt at the time of the homicide was acting or attempting to act officially. Under this conclusion, it is necessary that we reverse the judgment of the Court of Appeal insofar as it awarded judgment against the sheriff and the surety on his official bond.

For the reasons assigned, the judgment of the Court of Appeal, insofar as it awarded judgment to plaintiff, individually and for the benefit of her minor children, against the sheriff, T. M. Phillips, and The

Maryland Casualty Company, is reversed, and the suit against them is dismissed. By virtue of the authority vested in this court by Act No. 229 of 1910, LSA–RS 13:-4444, the judgment of the Court of Appeal casting all defendants with costs is affirmed, and all costs incurred in this court are to be paid by Phillips and The Maryland Casualty Company.