55 So.2d 68 (1951)
ROBERTSON et al.
v.
PALMER et al.
No. 3431.
Court of Appeal of Louisiana, First Circuit.
November 15, 1951.
Rehearing Denied January 10, 1952.
Writ of Certiorari Denied February 18, 1952.
*69 Eugene Stanley, James I. McCain, New Orleans, for appellant.
Richard Kilbourne, Clinton, Durrett & Hardin, Baton Rouge, for appellees.
ELLIS, Judge.
Plaintiff has filed this suit individually and as tutrix of her minor children for damages for the death of her husband, the children's father, against Nehemiah L. Palmer, Sheriff of East Feliciana Parish, George Freeman, Deputy Sheriff of said parish, and the National Surety Corporation, surety on the Sheriff's bond, for the alleged wrongful and illegal beating and shooting of her husband by Deputy Sheriff Freeman.
Exceptions of no cause of action were filed by the Sheriff and his bonding company, and it is from a judgment by the Judge Ad Hoc sustaining these exceptions that the plaintiff has prosecuted this appeal.
The basis of the opinion of the lower court is the recent case of Britt v. Merritt, 219 La. 333, 53 So.2d 121. This decision did not change the established law on the subject that neither a sheriff nor the surety on his official bond is responsible for a wrongful act of a deputy sheriff unless such act was done in violation of an official duty or an unfaithful or improper performance of an official act. See Sanders v. Humphries, 143 La. 43, 78 So. 168; Gray v. DeBretton, La.App., 184 So. 390, Id., 192 La. 628, 188 So. 722; Dufrene v. Rodrigue, La.App., 38 So.2d 511; McVea v. Day, 6 La.App. 382; Bolton v. Sevario, La.App., 25 So.2d 115.
The pertinent articles of plaintiff's petition for the purpose of disposing of the exceptions by applying the well-settled law to the facts as alleged and which are taken as true for the purpose of the exceptions are as follows:
"7. That on the 4th day of July 1949, an automobile accident occurred on Highway 36, a short distance from the town of Clinton, Louisiana, and the defendant herein, Deputy Sheriff, George Freeman, acting within the scope of his employment as such deputy sheriff, and acting for and on behalf of the Sheriff, the said Nehemiah Livingston Palmer, was summoned to investigate the said accident and arrived on the scene of the said accident, some distance from the town of Clinton, Louisiana, and conducted and made an investigation of the said accident in his official capacity as such Deputy Sheriff.
"8. That when the said Deputy Sheriff, George Freeman, arrived on the scene of the aforesaid accident to conduct his official investigation, and while conducting the said official investigation, as he was authorized to do in the performance of the duties of his office, the said Deputy Sheriff was under the influence of intoxicating liquors, to the knowledge of the said Nehemiah Livingston Palmer, Sheriff, his co-defendant herein, and as a result of his drunken condition, conducted the said investigation in an arbitrary and unlawful manner, and threatened, coerced and browbeat the witnesses and persons interviewed by him in the course of his investigation of the said automobile accident.
"9. That while the said Deputy Sheriff, George Freeman, acting in his official capacity as Deputy Sheriff of East Feliciana Parish, and acting for and on behalf of Nehemiah Livingston Palmer, Sheriff, aforesaid, was conducting this investigation, one Wilbert Robertson, (or Robinson) the husband of your petitioner, Betty May *70 Grinner Robertson (or Robinson), and the father of your petitioners * * * (who had not been present when the automobile accident occurred, and who had not been in any way involved in the same), came on the scene en route to report to work at Mr. Cheek's Place, some distance away from the town of Clinton, in the Parish of East Feliciana, where he was employed on week ends and holidays.
"10. That when the said Wilbert Robertson (or Robinson) came near the scene of the investigation which was then being officially conducted by the said Deputy Sheriff, George Freeman, which was immediately adjacent to and in front of Mr. Cheek's Place, where the said Wilbert Robertson (or Robinson) was employed, the said Deputy Sheriff, George Freeman, in a loud and bullying tone, ordered the said Wilbert Robertson (or Robinson) to stand back, and not to interfere with the said investigation whereupon said Deputy Sheriff, George Freeman, without any cause or provocation, and while officially conducting the said investigation of the said automobile accident as a Deputy Sheriff of East Feliciana Parish, and while acting as such Deputy Sheriff, for and on behalf of the said Sheriff, Nehemiah Livingston Palmer, and while acting as a law enforcement officer of the Parish of East Feliciana, Louisiana, struck the said Wilbert Robertson (or Robinson) with a night stick or black jack, striking him about the head, neck, shoulders and the upper torso of his body, knocking the said Wilbert Robertson (or Robinson) to the ground, and that while the said Wilbert Robertson (or Robinson) was in the act of falling to the ground, the said Deputy Sheriff, George Freeman, drew his gun and shot and wounded the said Wilbert Robertson (or Robinson).
"11. That the said Wilbert Robertson (or Robinson) sustained violent and dangerous injuries as a result of the said shooting by the Deputy Sheriff, George Freeman, and was placed in an automobile and carried to the town of Clinton, Louisiana, for medical treatment and immediately transported to the Charity Hospital in the City of New Orleans, where the said Wilbert Robertson (or Robinson) died on the 10th day of July, 1949, as a result of the injuries, beating and/or shooting as set out above.
"That the said death of the said Wilbert Robertson (or Robinson) was the direct and proximate result of the unlawful beating and/or shooting by the said George Freeman, and the wounds unlawfully inflicted upon him by the said Deputy Sheriff, George Freeman."
We see from the allegations of the petition that the official act which the deputy sheriff was performing at the time of the beating and shooting was the investigation of an automobile accident which the petition alleges he was doing while under the influence of intoxicating liquor to the knowledge of the sheriff, and it is further charged that the deputy sheriff, as a result of his drunken condition, conducted the investigation in an arbitrary and unlawful manner by threatening, coercing and browbeating the persons interviewed by him in the course of the investigation, and that during this investigation by the deputy sheriff Wilbert Robertson (or Robinson), the deceased husband of the plaintiff, "who had not been present when the automobile accident occurred and who had not been in any way involved in the same" came on the scene. When he arrived the deputy sheriff, "in a loud and bullying tone ordered the said Wilbert Robertson (or Robinson) to stand back and not to interfere with the said investigation," and it is alleged that without any cause or provocation, of course other than the charge that Robertson was interfering with the investigation, the deputy sheriff struck Robertson with a night stick or black jack about the head, neck, shoulders and upper torso of his body and then drew his gun and shot Robertson, from which he died.
There is no doubt that this petition clearly charges the performance of an official act by this deputy sheriff while drunk to the knowledge of the sheriff, and alleges facts, which, if proven, would render the sheriff and his bondsman liable for the unfaithful and improper performance of the official act. In the present case the petition charges that the deputy *71 sheriff was investigating the automobile wreck when the deceased came upon the scene as any other outsider not connected personally with the accident, and was immediately accused of interfering with the deputy sheriff's investigation, for when the deputy sheriff told the deceased to move back and not interfere with the investigation, he was, in effect, saying, "You are interfering with the investigationget back," and then, the petition charges, without any more "to do" as a result of the interference by the deceased the deputy sheriff, instead of handling the deceased in the proper manner, struck and beat him and then shot him for no other reason than is shown by the petition, that he was interfering with the deputy sheriff's investigation of the accident which was an official act. When he struck and beat the deceased and then shot him for no other reason than is set forth in the petition, which must be taken as true for the purpose of the exception, the deputy sheriff is charged with an improper performance of his official duty in investigating this wreck. The deputy sheriff in this case was charged with the duty of investigating this accident in an orderly and lawful manner. Naturally, he had the right to prevent any interference in the performance of his official act, that is, the investigation of the accident, and he was perfectly justified in telling the deceased to stand back and not to interfere with his investigation, but clearly, should it be proven that without any other cause or provocation than that the deceased interfered with his investigation, he was guilty of unfaithful performance of his duty in beating and shooting the deceased under the facts alleged in the petition. He had the right to use such force as was necessary to prevent anyone from interfering with his investigation of the accident, but whether or not the force and means employed as charged in this petition were necessary is a question that would come up by way of defense and on the merits of the case.
Counsel for defendant rests great stress upon the following argument as shown in his brief:
"There is not the slightest suggestion in the petition that Wilbert Robertson (or Robinson) was in any way interfering or attempting to interfere with the investigation of the automobile accident. He was a complete stranger to the investigation. In fact, the petition in simple terms alleges that while Wilbert Robertson (or Robinson) was passing by the scene en route to his place of employment, George Freeman for no reason at all began to beat him with a blackjack and while he was in the act of falling to the ground, shot him and wounded him so severely that he subsequently died. What possible connection could acts of that character have with an official investigation by a Deputy Sheriff performing an official duty? The answer is, absolutely none.
"The Louisiana Supreme Court in the case of Gray v. DeBretton, Sheriff, et al, supra, approved the following language used by Your Honors in your decision in that case reported at 184 So. 390, at page 394; `If the situation had been that the deputy was walking along the street with his prisoner in charge, and for some reason personal to the deputy, he had struck a bystander with his hand or pistol, it could not be said that such an unlawful act on his part was done in the discharge of an official act. But, on the contrary, had he struck the prisoner, when there was no need for it, obviously his conduct in so doing would have been the violation of an official duty'. (Emphasis supplied.)
"The language above italicized applies exactly to the present case. Here was a completely innocent bystander, as plaintiffs themselves have affirmatively alleged. And for no reason at all he was struck and shot by the Deputy Sheriff. Your Honors and the Louisiana Supreme Court have said that such an unlawful act is not an official act."
We believe that the petition does charge that Robertson, the deceased, was interfering or attempting to interfere with the investigation of the automobile accident as heretofore shown. It is true that at the time he came upon the scene he was a complete stranger to the investigation, *72 but when he was told to move back and not to interfere with the investigation he then became a bystander who had injected himself into the investigation, and the deputy sheriff then had a right to properly prevent or rather to use such means as necessary to prevent interference by the deceased, and when the deputy sheriff used these means or took action to prevent any further interference or the interference charged in the petition, his action was then taken in performance of an official duty, and the petition charges that without any other cause or provocation than the fact that the deceased was interfering with the investigation, he beat and shot him for which he is responsible under the well-established law as contained in the cases cited, supra. The petition does not charge that the deputy sheriff for no reason at all began to beat and finally shot the deceased but clearly charges an interference on the part of the deceased as the reason for the deputy's actions.
The facts in Gray v. DeBretton, Sheriff, supra, as cited in defendant's brief above quoted, are not applicable to the facts as charged in this petition, but we could change the facts slightly in Gray v. DeBretton so as to render the deputy in that case liable. For example, in the Gray case if the situation had been that the deputy was walking along the street with his prisoner in charge and a bystander had attempted to interfere with the custody of the deputy sheriff over his prisoner, and merely because of the interference on the part of the bystander with the performance of an official duty by the deputy sheriff he had struck the bystander or, as in this case, shot and killed him, such an act on the part of the deputy would have been done in the discharge of an official act, that is, in the protection of his custody of the prisoner.
Any act of the deputy sheriff in the present case which was done in order to prevent an interference with his investigation of this wreck was done in an official capacity and must of necessity have been done in a faithful and lawful manner. As to whether he was justified in using the force he did is a matter of defense.
For these reasons, we are of the opinion that the judgment of the District Court should be overruled and the case remanded for trial on its merits and it is so ordered.
LOTTINGER, Judge (dissenting).
Plaintiff brought this suit against Nehemiah L. Palmer, Sheriff of East Feliciana Parish, George Freeman, Deputy Sheriff of East Feliciana Parish, and the National Surety Corporation, surety on the Sheriff's bond, for damages for the death of plaintiff's husband. Suit was filed on behalf of plaintiff, individually and as tutrix of her minor children. Exceptions of no cause of action were filed by the Sheriff and his bonding company. From judgment below sustaining the exception, plaintiff has taken this appeal.
The pertinent articles of plaintiff's petition, for the purpose of disposing of the exceptions, are as follows:
"7. That on the 4th day of July 1949, an automobile accident occurred on Highway 36, a short distance from the town of Clinton, Louisiana, and the defendant herein, Deputy Sheriff, George Freeman, acting within the scope of his employment as such Deputy Sheriff, and acting for and on behalf of the Sheriff, the said Nehemiah Livingston Palmer, was summoned to investigate the said accident and arrived on the scene of the said accident, some distance from the town of Clinton, Louisiana, and conducted and made an investigation of the said accident in his official capacity as such Deputy Sheriff.
"8. That when the said Deputy Sheriff, George Freeman, arrived on the scene of the aforesaid accident to conduct his official investigation, and while conducting the said official investigation, as he was authorized to do in the performance of the duties of his office, the said Deputy Sheriff was under the influence of intoxicating liquors, to the knowledge of the said Nehemiah Livingston Palmer, Sheriff, his co-defendant herein, and as a result of his drunken condition, conducted the said investigation in an arbitrary and unlawful manner, and threatened, coerced and browbeat the witnesses and persons interviewed by him in *73 the course of his investigation of the said automobile accident.
"9. That while the said Deputy Sheriff, George Freeman, acting in his official capacity as Deputy Sheriff of East Feliciana Parish, and acting for and on behalf of Nehemiah Livingston Palmer, Sheriff, aforesaid, was conducting this investigation, one Wilbert Robertson (or Robinson) the husband of your petitioner, Betty May Grinner Robertson (or Robinson), and the father of your petitioners * * * (who had not been present when the automobile accident occurred, and who had not been in any way involved in the same), came on the scene en route to report to work at Mr. Cheek's Place, some distance away from the town of Clinton, in the Parish of East Feliciana, where he was employed on week ends and holidays.
"10. That when the said Wilbert Robertson (or Robinson) came near the scene of the investigation which was then being officially conducted by the said Deputy Sheriff, George Freeman, which was immediately adjacent to and in front of Mr. Cheek's Place, where the said Wilbert Robertson (or Robinson) was employed, the said Deputy Sheriff, George Freeman, in a loud and bullying tone, ordered the said Wilbert Robertson (or Robinson) to stand back, and not to interfere with the said investigation, whereupon said Deputy Sheriff, George Freeman, without any cause or provocation, and while officially conducting the said investigation of the said automobile accident as a Deputy Sheriff of East Feliciana Parish, and while acting as such Deputy Sheriff, for and on behalf of the said Sheriff, Nehemiah Livingston Palmer, and while acting as a law enforcement officer of the Parish of East Feliciana, Louisiana, struck the said Wilbert Robertson (or Robinson) with a night stick or black jack, striking him about the head, neck, shoulders and the upper torso of his body, knocking the said Wilbert Robertson (or Robinson) to the ground, and that while the said Wilbert Robertson (or Robinson) was in the act of falling to the ground, the said Deputy Sheriff, George Freeman, drew his gun and shot and wounded the said Wilbert Robertson (or Robinson).
"11. That the said Wilbert Robertson (or Robinson) sustained violent and dangerous injuries as a result of the said shooting by the said Deputy Sheriff, George Freeman, and was placed in an automobile and carried to the town of Clinton, Louisiana, for medical treatment and immediately transported to the Charity Hospital, in the City of New Orleans, where the said Wilbert Robertson (or Robinson) died on the 10th day of July, 1949, as a result of the injuries, beating and/or shooting as set out above.
"That the said death of the said Wilbert Robertson (or Robinson) was the direct and proximate result of the unlawful beating and/or shooting by the said George Freeman, and the wounds unlawfully inflicted upon him by the said Deputy Sheriff, George Freeman."
The lower court sustained the exceptions of no cause of action based on the case, Britt v. Merritt, 219 La. 333, 53 So.2d 121. Under the facts and decision of that case, the court held that the Deputy Sheriff, George Freeman, was not acting in his official capacity at the time of the alleged offenses committed against deceased.
It is well settled in this state that neither a Sheriff nor the surety on his official bond is responsible for a wrongful act of a deputy sheriff unless such act was done in violation of an official duty, or an unfaithful or improper performance of an official act. Sanders v. Humphries, 143 La. 43, 78 So. 168; Gray v. DeBretton, La.App., 184 So. 390, Id., 192 La. 628, 188 So. 722; Britt v. Merritt, supra.
The question, therefore, resolves itself into the fact as to whether the petition in this case sets up the wrongful acts by the Deputy Sheriff while performing an official act within his duties as deputy sheriff. From the facts as alleged in the petition, and which are quoted hereinabove, the deceased was in no way connected with the accident under investigation, either as a party or a witness thereto. He was merely passing the scene of the investigation and stopped to find out what was wrong. According to the petition, the Deputy Sheriff, without any color of law whatsoever, commenced *74 beating deceased and later shot him. Although the petition states that the acts thus committed by the Deputy Sheriff were official acts, this is merely a conclusion of law by the petitioner, and is not substantiated by the petition when read as a whole.
In Gray v. DeBretton, supra, damages were claimed against the Sheriff and his surety for injuries when a deputy sheriff, driving an automobile, ran into and injured the petitioners who were pedestrians. At the time of the accident, the deputy was transporting a prisoner to jail. Exceptions of no cause of action were filed by the Sheriff and his surety and the lower court sustained said exceptions. In affirming the decision of the lower court, this court said:
"As between him and the prisoner whom he had in charge, the deputy was performing an official act, but as between him and pedestrians on the highway, he was negligently driving a car the same as any other motorist might negligently drive a car on the highway and cause injury to a pedestrian. If the situation had been that the deputy was walking along the street with his prisoner in charge, and for some reason personal to the deputy, he had struck a bystander with his hand or pistol, it could not be said that such an unlawful act on his part was done in the discharge of an official act. But, on the contrary, had he struck the prisoner, when there was no need for it, obviously his conduct in so doing would have been the violation of an official duty, a misfeasance for which the sheriff and his surety would have been liable."
The above language was quoted with approval by the Supreme Court in the same case of Gray v. DeBretton, as reported in 188 So. 722.
In Britt v. Merritt, supra [219 La. 333, 53 So.2d 122], a Deputy Sheriff shot and killed deceased. Petitioner claimed that her husband was killed while the Deputy Sheriff was performing an official act, i. e., was attempting to stop the deceased to search his automobile to determine whether it contained spiritous liquors. The Supreme Court held that such official act was not proved by the evidence, and, in dismissing the case against the Sheriff and his surety, said: "* * * neither the sheriff nor the surety on his official bond is responsible for a wrongful act of a deputy sheriff unless it was done in violation or in an unfaithful * * * performance of an official duty."
The petition in the present case clearly fails to establish that the Deputy Sheriff, George Freeman, was acting in an official capacity in his wrongful acts towards deceased. Had the deceased been a party to, or a witness to the accident, the situation would have been different. However, the petition clearly sets forth that deceased was a foreigner to the accident, and merely stopped, in curiosity, to determine what was the trouble. There is no allegation in this petition that the deceased was in any way interfering or attempting to interfere with the official act of the Deputy Sheriff. All to the contrary, for in Article 10 of the petition, the plaintiff states that this beating and shooting was done without any cause or provocation on the part of the deceased. He was a complete stranger to the investigation. It is likewise argued by the plaintiff, that the Sheriff is liable under the circumstances as outlined in the petition because of the fact that the Deputy Sheriff was under the influence of intoxicating liquors to the knowledge of the Sheriff. The same argument holds true with reference to this proposition that the wrongful acts of the Deputy Sheriff were not done in violation of an official duty or unfaithful performance of an official act. Thus the wrongful acts by the Deputy Sheriff toward deceased, were the private acts of the deputy, and were not such as would render liability upon the Sheriff and his surety.
It is well established as stated by the Supreme Court in Gray v. DeBretton, Sheriff, supra [192 La. 628, 188 So. 724], that: "In discussing this point it must be borne in mind that no liability attaches to the defendant sheriff under the doctrine of respondeat superior, or under the doctrines of master and servant and principal and agent. The relation between a sheriff and his deputy is an official and not a private relation. The deputy is not a representative *75 of the sheriff in his individual capacity, but he is a public officer whose authority and duty are regulated by law."
For the above and foregoing reasons, I therefore respectfully dissent.