## VITIELLO v. APPROVED AWNING & SHUTTER CO.

Industrial Commission.

May 20, 1955.

Bernard Hutner and Harry Zuckerman, both of Miami, for claimant.

## BY THE COMMISSION.

This cause came on to be heard before the full commission upon the employer's application for review of a deputy commissioner's compensation order dated January 31, 1955.

On October 8, 1954 the deputy entered an order rejecting the employee's claim and dismissing the proceedings. On October 13 the claimant filed an application for review by the full commission. Thereafter, on October 22, within 20 days after the date copies of the order were mailed to the parties and before the same had become final, the deputy, upon representations that new and vital evidence not theretofore available to claimant had been disclosed, entered an order setting aside his order of dismissal and continuing the cause for the purpose of receiving further testimony.

By letter filed October 15 claimant in the meantime had filed notice of withdrawal of his application for review. On November 9 we entered an order dismissing the application.

After further hearings on December 16, 1954 and January 28, 1955 the deputy entered the order here reviewed awarding compensation, remedial attention and an attorney's fee. The employer's application for review states several grounds, including the contentions that the deputy lacked jurisdiction to enter his order of January 31, 1955 because his order of October 8, 1954 had become final and was res judicata, and that the jurisdictional facts and findings necessary to support the order were not in the evidence before the deputy and were not found by him.

"The general rule is that the trial court cannot open, vacate or set aside the order appealed from after the expiration of the term at which such order was rendered. Similarly, the trial court cannot vacate its allowance of an appeal except at the term at which the judgment, order, or decree appealed from was entered." 3 Am. Jur. 193, sec. 529, citing Goddard v. Ordway, 101 U. S. 745, 25 L. ed. 1040; Keyser v. Farr, 105 U. S. 265, 26 L. ed. 1028; Re Roberts, 15 Wall 384, 21 L. ed. 131; Cherokee Nation v. Whitmire, 223 U. S. 108, 56 L. ed. 370, 32 S. Ct. 200. "Only a valid and final judgment can be res judicata . . . . . Similarly, the doctrine of res judicata is not applicable to an administrative decision which is not final and enforceable." 42 Am. Jur. 524, sec. 163, and cases cited. "It is a general rule that courts of record or of general jurisdiction pos-

sess the inherent power of controlling their own judgments and of opening, modifying, or vacating such judgments during the terms at which they are rendered." 31 Am. Jur. 272, sec. 727, and 310, sec. 779. "Accordingly, the doctrine may not properly be applied to restrict the power of an administrative tribunal to reconsider or modify its own determinations . . . ." 42 Am. Jur. 540, sec. 176.

It is provided in section 440.25 (4), Florida Statutes 1953—"The compensation order rendered by the deputy commissioner shall become final twenty days after the date copies of same are mailed to the parties . . . . unless within said time any interested party shall make and file with the commission at Tallahassee an application for a review thereof by the full commission." The order entered and mailed by the deputy on October 8, 1954 had not become final when he set it aside on October 22, 1954. His authority to do so was at least equivalent to that of a court to vacate a judgment during the term at which it is rendered. The general rule that a duly perfected appeal divests the trial court of further jurisdiction is not applicable in the instant case because the claimant, before the order of dismissal had become final, filed notice of withdrawal of his application for review. Because this notice of withdrawal was filed *prior* to the entry of the order of October 22, 1954, it cannot be deemed that "a duly perfected appeal" was in effect at the time the deputy entered that order. 3 Am. Jur. 143, sec. 422; 321-323, secs. 747, 748. L.R.A. 1917A 113. The claimant in a quasi-judicial proceeding of this nature should not be prejudiced by the fact that his notice of withdrawal could not be formally acted upon by the full commission until our next meeting thereafter, which was held on November 9, 1954. 42 Am. Jur. 535, sec. 174, et seq. The deputy had jurisdiction to enter the order setting aside his previous dismissal of the claim.

Having considered this cause upon the record and the arguments of the parties, and it appearing that the deputy's findings of fact are supported by competent substantial evidence, which accords with logic and reason, and that the order accords with the essential requirements of the law, on authority of U. S. Casualty Co. v. Maryland Casualty Co. (Fla.), 55 So. 2d 74, the deputy's compensation order dated January 31, 1955 is affirmed. The employer is ordered to pay claimant's attorneys, Bernard Hutner and Harry Zuckerman, $325 as a reasonable attorneys' fee for their services in this cause before the full commission.