AYRES, Judge.
This action was instituted by plaintiff for the purpose of recovering damages as the result of injuries inflicted allegedly without any justification by Don Steen. The defendants were Steen, who was sued in his individual capacity as well as in his capacity as Louisiana State Highway patrolman; Doug Floyd, in his capacity as sheriff of LaSalle Parish, Louisiana, and E. P. Roy, in his capacity as colonel of the Louisiana State Highway Patrol.
Don Steen, in his official capacity as a member of the Louisiana State Highway Patrol, and E. P. Roy, as colonel of said Patrol, were dismissed as parties defendant on exceptions to the jurisdiction of the court and of no right and of no cause of action filed on their behalf. An exception as to defective verification of plaintiff’s petition and a plea of vagueness filed on behalf of defendant, Don Steen, were subsequently corrected by the filing of a supplemental petition. The correctness of the ruling on the aforesaid pleas and exceptions is not before the court inasmuch as no appeal was taken therefrom.
An exception of no cause or right of action was filed by defendant, Doug Floyd, which, upon trial, was sustained and plaintiff’s suit as against Floyd was dismissed. From that judgment plaintiff has appealed.
That portion of the exception directed at a lack of right of action on the part of the plaintiff to institute and maintain this action was not urged in this court in either brief or oral argument and, therefore, may be considered as abandoned. Nevertheless, it may be appropriate to say there is no basis upon which it might be sustained.
The only question, therefore, to be decided is whether the allegations of plaintiff’s petition disclose a cause of action against the Sheriff. The allegations upon which the action against the Sheriff is based are substantially as follows:
On the 24th day of February, 1952, at the hour of approximately 12:10 o’clock A. M., petitioner entered into a fracas with a party known as Ulys Floyd, in which the said Ulys Floyd was killed; petitioner then immediately left the scene of the fracas and went to the home of Cary Pritchard, where he requested, and was refused, permission to use a telephone to call the sheriff; that he then proceeded to the home of one Burkehalter in the town of Jena, where, about 1:15 A. M., he telephoned the residence of deputy sheriff Hershel Floyd, requesting Mrs. Floyd, who informed him that her husband was not *282 at home, to notify her husband that he and one Pearson, who was also involved in the aforesaid fracas, desired to surrender to the authorities, and that, accordingly, they would be waiting to do so at a Pan Am Service Station on the highway in old Jena, where he immediately proceeded, but, after waiting approximately 10 minutes without the officers arriving, he proceeded again by walking towards the town of Jena in an effort to get to the courthouse; then, after reaching Main Street in the town of Jena and seeing the approach of the Sheriff’s car, he turned near a street lamp and walked slowly towards the officer’s car, to be taken into custody; when the officer’s car stopped, petitioner put his hands out and up in front of him and continued to walk to the side of the car in the full light of the street lamp, with no obstructions around him; but, when he had proceeded to within approximately three feet of the Sheriffs car, with his hands stretched out and up in front of him, the door was opened and he was shot one time by Don Steen; that he, petitioner, has since been indicted and tried for the murder of Ulys Floyd, found not guilty by a jury and discharged; that the shooting of petitioner was wanton, wilful, malicious and without any justification whatsoever by the said Don Steen, since petitioner had attempted to notify the authorities of his willingness to submit to arrest and was standing unarmed in the full light of the street lamp with no obstructions to the view and with the palms of his hands facing said Don Steen; that at the time of the wanton and wilful shooting, Don Steen was acting under authority of Colonel E. P. Roy, colonel of the Louisiana State I-Iighway Patrol, and Sheriff Doug Floyd of LaSalle Parish, and in the course and scope of his regular employment while he was performing an official act, and that as a result of the aforesaid shooting, petitioner received the following injuries:
Gunshot wound of the right arm and compound fracture of the right ulna, which have rendered your petitioner totally disabled to perform his regular occupation as a painter and partially disabled him to perform any other kind of work in that his right wrist and hand are paralyzed.
The jurisprudence is so well established as to obviate the necessity of citation of authority that on the trial of an exception of no cause of action, all well pleaded facts must be accepted as true. The liability of the Sheriff in this case, therefore, depends upon a showing of responsibility on his part for the actions of Patrolman Don Steen and, if so, whether the defendant, Don Steen, violated or failed to perform faithfully a duty required of him by law. However it may be stated that a sheriff is not responsible for a wrongful act of a deputy sheriff, or other person, unless it was done in the violation or in the unfaithful or improper performance of an official duty.
Taking into consideration the allegations of plaintiff’s petition in their entirety, the conclusion naturally follows that Steen was acting under instructions of the Sheriff; Steen was accompanying a deputy sheriff who was driving the Sheriff’s car at the time of the shooting. That they were on a mission, directed and ordered by the Sheriff, to apprehend and arrest plaintiff and Pearson, who had reportedly murdered Ulys Floyd, is obvious from the allegations of the petition. Plaintiff should, therefore, be permitted to prove, if he can, whatever authorization, direction or instructions the Sheriff in his official capacity may have given defendant Steen, which may establish that Don Steen was deputized to assist the defendant, Doug Floyd, Sheriff. The purport of plaintiff’s allegations is that Steen’s acts were done in violation of an official duty or in an unfaithful or improper performance of an official act, the official act or acts being the apprehension and arrest of petitioner, the effect of which, if the allegations be true, is that the shooting was wholly and entirely unnecessary and not only in violation but also improper and unwarranted performance of an official act.
*283 A statement of the general rule of liability, in cases such as this is alleged to be, is contained in the syllabus to the opinion in the case of Sanders v. Humphries, 143 La. 43, 78 So. 168, which says:
“A sheriff is not liable, nor is the surety on his official bond liable, in damages for personal injuries to a citizen, inflicted recklessly by a deputy sheriff, unless it was done in violation of an official duty or in an unfaithful or improper performance of an official act.”
See also Britt v. Merritt, La.App., 35 So.2d 281, 284.
Of course, the converse of this principle is correct, that is, if a deputy’s act is one in violation of an official duty or if he unfaithfully or improperly performs an official act in order to accomplish a desired end and death or injury results, the sheriff is responsible in damages therefor. Britt v. Merritt, La.App., 45 So.2d 902, 907; Id., 219 La. 333, 53 So.2d 121, 123. See also Gray v. De Bretton, 192 La. 628, 188 So. 722.
In Dufrene v. Roderique, La.App., 38 So.2d 511, it was held that where deputy sheriffs struck prisoner when there was no need for doing so, their conduct was a violation of an official duty, for which the sheriff was liable.
In Robertson v. Palmer, La.App., 55 So.2d 68, an action against a sheriff and the surety on his official bond for alleged wrongful beating and shooting of plaintiff’s husband by a deputy sheriff, acting in the performance of his official duties, allegations of plaintiff that the deputy, while investigating an automobile accident, in an arbitrary and unlawful manner while drunk, ordered the deceased, who had come on the scene, to stand back and not interfere with the investigation, and then, without provocation, committed the beating and shooting, clearly charged the performance of an official act by the deputy and stated a cause of action. As was well said in Gray v. De Bretton, supra [192 La. 628, 188 So. 724]:
“As to the public, whose servants these officers are, the acts and omissions of a deputy sheriff are the acts and omissions of the sheriff himself. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts and omissions both of himself and his deputy.”
In the instant case, according to all the allegations of plaintiff’s petition, which must be accepted as true for the purpose of the trial of this exception, there was no reason or justification, in the least, for petitioner to have been fired upon while making an effort to place himself in custody of the officers, and while proceeding to the Sheriff’s car in the brightness of a street light, with his hands uplifted. It would be illogical to conclude that plaintiff’s injuries did not result from an improper performance of an official act on the part of those seeking his apprehension and arrest. Under the circumstances and facts as alleged, if established as true upon the trial of the merits, the Sheriff is liable with Don Steen for damages for the injuries inflicted upon plaintiff.
For these reasons, the judgment sustaining the exception of no cause or right of action filed and urged on behalf of the defendant, Doug Floyd, is reversed and set aside and there is now judgment overruling said exception.
Accordingly, this case is remanded to the Honorable the Twenty-Eighth Judicial District Court in and for LaSalle Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
The cost of this appeal is assessed against the appellee; all other costs are to await the final outcome of the case.
Reversed and remanded.