154 So.2d 84 (1963)
Joseph POLIZZI
v.
Nicholas TRIST, Sheriff.
No. 1033.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1963.
Zelden & Zelden, Sam Monk Zelden, Bruce Borrello, New Orleans, for plaintiff-appellant.
Tapper, Schuler & Perez, Elmer R. Tapper, Arabia, for defendant-appellee.
Before REGAN, YARRUT and HALL, JJ.
YARRUT, Judge.
This is an appeal by Plaintiff from a judgment dismissing his suit against Defendant, individually and as Sheriff of St. Bernard Parish, on Defendant's exceptions of no right or cause of action. The District Judge gave no reasons for maintaining the exceptions and dismissing the suit.
The petition alleges that while Plaintiff was under arrest on charges brought against him in St. Bernard Parish, and while in the custody of the Sheriff's deputies being taken from New Orleans to Chalmette in St. Bernard Parish, to be incarcerated awaiting trial for a crime committed *85 in St. Bernard; and while actually incarcerated in jail in St. Bernard, he was, without any cause or provocation, brutally beaten about the head, face, arms, legs, abdomen and groin, causing lacerations thereon and considerable suffering, for which he seeks damages against the Sheriff.
The basis for Defendant's exceptions of no right or cause of action is that the petition merely alleges that the deputy sheriffs were "acting as agents" for Defendant, without stating that they were acting under his orders as deputy sheriffs to transport Plaintiff to jail in Chalmette. We think it is plain that the petition alleges that Plaintiff was, without any cause or provocation, brutally beaten while in the custody of Defendant's deputy sheriffs en route to Chalmette under criminal charges. The allegations of the petition must be taken as true on exceptions of no right or cause of action.
A sheriff is liable for the acts of his deputies committed in the course of their official duty, if the deputies have violated or failed to perform faithfully a duty required of them by law. If a deputy sheriff strikes a prisoner officially in his charge, when there was no need for it, his conduct in so doing would be a violation of an official duty, and malfeasance, for which the sheriff and his surety would be liable. These principles are well-established by the following cases: Jackson v. Steen, La.App., 92 So.2d 280; Robertson v. Palmer, La. App., 55 So.2d 68; Dufrene v. Rodrigue, La.App., 38 So.2d 511; Gray v. DeBretton, 192 La. 628, 188 So. 722.
For the above and foregoing reasons the judgment sustaining Defendant's exceptions of no right or cause of action is reversed and set aside, and there is now judgment overruling said exceptions.
Accordingly, this case is remanded to the Twenty-Fifth Judicial District Court for the Parish of St. Bernard for further proceedings in accordance with law and consistent with the views herein expressed; costs of this appeal are assessed against the Appellee (Defendant); all other costs to await the final outcome of the case.
Reversed and remanded.