HARDY, Judge.
This is an action by plaintiff as the holder and owner of a promissory note against defendant as one of two signers of said note, who were bound jointly and in solido. From judgment for plaintiff defendant has appealed.
The instrument in question, an installment note in the principal sum of $1,500, dated August 12, 1950, payable to the order of “La. Neon Mfg.”, in monthly payments of $100 each on the first day of each and every month after date, was- signed by T. L. Presswood and his brother, Earl Presswood, defendant herein, who' bound themselves for payment jointly, severally and in solido. The note is on a printed bank form which was obviously provided primarily for the use of the Pioneer Industrial Bank of Shreveport, which was named therein as payee, but the name of the said bank was stricken by a penned line. Coun *117 sel for defendant first filed an exception of no cause or right of action, which exception was overruled, of which action counsel here strenuously complains. Plaintiff filed a supplemental and amended petition obviously designed to clarify some allegations of its original petition, but which, in no sense, changed any of the issues presented, despite which defendant’s counsel complains of the order allowing the "filing thereof on the ground that it was offered after filing of answer and changed the issues involved. We dispose of this contention simply by observing that the allowance " of the amended petition was discretionary with the district judge, since it in no sense changed any of the issues. We not only fail to find any abuse of discretion, but we think the action was properly taken.
We proceed to a discussion of the several defenses asserted on behalf of defendant. After correctly observing the requirements of the Negotiable Instruments Law to the effect that an instrument must be payable to order or bearer; that the payee must be named or otherwise indicated with reasonable certainty; that an instrument is payable to order when it is drawn to the order of a specified person, and that an instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferree the holder thereof (all of which provisions are to be found in LSA-R.S. 7:1 et seq.), counsel argues that this suit brought by W.. M. Palmer, Jr., whose name does not appear in the note, removes the instrument from the contemplation of negotiability. This is an obviously strained, superficial and highly technical objection. This suit was instituted, as shown by the petition, by “W. M. Palmer, Jr., Dba La. Neon Manufacturing, domiciled in Bossier City, Bossier Parish, Louisiana, * *
On trial the plaintiff, Palmer, testified that he is engaged in business under the trade name of La. Neon Mfg., of which business he is sole owner and operator. Under this established circumstance, to hold that plaintiff, Palmer, was not the holder of the note, would be unreasonable.
Counsel further contends that the note was altered but we find no support for this contention. The cancellation of the printed name of a bank by drawing an ink line through such name cannot be considered as constituting an alteration, in the absence of some proof reasonably leading to that conclusion. The testimony of plaintiff is sufficiently convincing as to the regularity of the note and the validity of the indebtedness to the extent of the unpaid balance thereon in the amount of $600, which testimony stands uncontroverted.
Counsel cites Alford v. Delatte, 160 La. 712, 107 So. 500, and Alexandria Bank & Trust Company v. Honeycutt, 161 La. 261, 108 So. 475, on the point of alteration. Neither of the cited cases has the slightest bearing upon the instant issue, inasmuch as they concern facts which are entirely and completely different from those here under consideration.
Similarly, we find the other contentions on behalf of defendant to be entirely without merit, since there is no authority for the release of a solidary obligor by reason of failure to proceed against another obligor. It was plaintiff’s right to sue either or both of the makers of the note who were solidarily bound.
The so-called defenses which are urged to this action by way of the exception were tendered again in the pleading set forth in answer. Study of the record has served to convince us that both the extremely technical defenses tendered by the exception and the excéedingly tenuous and unsubstantiated defenses interposed on the merits are equally undeserving of consideration. We have seldom been called upon to consider an appeal which presents so little merit as the one here tendered.
The judgment appealed from is. affirmed at appellant’s cost.