209 So.2d 337 (1968)
Sidney L. CAMPBELL, d/b/a Bureau of Credit Control, Mansfield, La., Plaintiff-Appellee,
v.
Mrs. Huey P. PARKER, Defendant-Appellant.
No. 2234.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1968.
John S. Pickett, Jr., Many, for defendant-appellant.
Gordon B. Golsan, Jr., Mansfield, for plaintiff-appellee.
Before FRUGÉ, HOOD, and CULPEPPER, JJ.
FRUGÉ, Judge.
This is a suit to judicially enforce a promissory note as to which the defendant Mrs. Huey P. Harper, defaulted in the payment of the installments thereof. Mrs. *338 Huey P. Harper was the maker of the note for $116.25, on which the Bureau of Credit Control was named the payee. Defendant defaulted in the payment of installments thereon and this suit resulted. Defendant answered the suit and reconvened for damages (which reconventional demand will be considered later).
The trial court rendered judgment as prayed for by plaintiff and denied defendant judgment on her reconventional demand. The defendant suspensively appealed from these adverse judgments.
Counsel for the defendant-appellant has not listed any assignment of errors allegedly made by the trial court, but from his brief it appears that he makes three general arguments in support of his contention that the judgments were erroneous.
The first contention is that the plaintiff-appellee had no right of action in these proceedings because the note was made in favor of the "Bureau of Credit Control", whereas, this suit was filed in the name of "Sidney L. Campbell, d/b/a, Bureau of Credit Control, Mansfield, La." Therefore, the appellant contends that this action should have been brought in the name of the Bureau of Credit Control, and not in the name of Sidney L. Campbell, d/b/a, Bureau of Credit Control, Mansfield, Louisiana.
This contention is entirely without merit. Code of Civil Procedure, Art. 687 states in part, "a person who does business under a trade name shall sue in his own name to enforce a right created by or arising out of a doing of such business". This article specifically requires the owner of a business operated under a trade name to sue in his own name upon an obligation created under the trade name. Also determinative of the precise issue here is the case of Palmer v. Presswood, 81 So.2d 116 (La.App.2d Cir., 1955).
The appellant's second contention is that the plaintiff had no right or cause of action to institute this suit. Counsel argues that the original debt was a bill which defendant owed to the DeSoto General Hospital in Mansfield, and plaintiff failed to prove any valid assignment of that claim in his favor.
The original bill in favor of DeSoto General Hospital arose in 1956, when Mrs. Harper bore a child in that hospital. Under either Civil Code Art. 3538 or Art. 3544, the debt owed had become extinguished through the operation of liberative prescription. Nonetheless, the natural obligation to pay the legitimate debt subsisted, C.C. Art. 1758(3). Such natural obligation constitutes "sufficient consideration" for the execution of the note in issue. C.C. Art. 1759(2); R.S. 7:25.
Since the original indebtedness had prescribed the DeSoto General Hospital assigned that account to the Bureau of Credit Control for the purpose of collection. Pursuant to that agreement, the Bureau of Credit Control obtained from Mrs. Harper the note in issue here. Defendant was apprised of the fact that plaintiff was the assignee of the prescribed indebtedness; and with that knowledge she executed the note. She does not now contest the validity of the original indebtedness, nor is there any attack upon the existence of the agency relationship between the plaintiff and the DeSoto General Hospital. Defendant's only contention is that since a formal assignment of the original account is not in the record, plaintiff has no cause or right of action to institute this suit.
Likewise, as to this contention we find little merit. Plaintiff was not suing upon the debt owed to the DeSoto General Hospital; this action is to enforce a promissory note of which plaintiff is the payee and holder. The validity of the note is evident upon its face and the existence of valid consideration therefor is presumed until rebutted by sufficient and competent evidence (R.S. 7:24).
Section 51 of the Negotiable Instruments Law (R.S. 7:51) provides that, "The holder *339 of a negotiable instrument may sue thereon in his own name * * *." Plaintiff here is unquestionably the holder of the note sued upon.
It is our opinion that the fact the plaintiff procured the note from defendant while acting as agent or assignee for collection of the original indebtedness to DeSoto General Hospital is well established by record, and no formal proof of this relationship need be submitted in evidence. Further, even if this agency relationship were not sufficiently proven, the proper defense would not be that plaintiff has no cause of action (as surely he does, being the payee and holder of the note in question) but instead, that no consideration was received for the making of the instrument. This defense we feel is not one to be properly urged by the exceptions of no cause or right of action. Therefore, this exception, too, was properly overruled by the trial court.
The appellant's final contention is that she should have been awarded judgment as prayed for in her reconventional demand. Defendant contends (supported by her testimony) that plaintiff obtained a note after threatening her with civil suit and with the possibility of garnishment of her husband's wages, and after upsetting her to such an extent that she broke into tears and subsequently became hospitalized, as a result of her extremely nervous condition.
The answer to this contention, in short, is that the evidence does not substantiate defendant's contention that plaintiff's conduct was anywise outrageous. The plaintiff denied employing any threats, coercion, or duress in obtaining the note, and he further stated that he did not threaten to sue defendant. But even if plaintiff did threaten defendant with suit in the event she defaulted in her payments on the note, such action is not unlawful, since he was informing defendant of his legal rights. See Storey v. Stanton, 182 La. 873, 162 So. 649 (1935). That, alone, is insufficient to constitute a tort.
For the foregoing reasons the judgment of the trial court is affirmed at defendant-appellant's costs.
Affirmed.