No. ——

First Circuit

---

McVEA v. DAY

---

(May 3, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Sheriffs and Constables—Par. 33, 35.**

In order to hold a sheriff liable for a wrong committed by his deputy, such wrong must have been committed while in his actual performance of an official act. Therefore, a tort committed by a deputy while driving an auto to a place where he was needed does not make the sheriff liable in damages.

2. **Louisiana Digest—Sheriffs and Constables—Par. 33, 35.**

Traveling or going to a place where an official act is to be performed, the manner in which a deputy sheriff travels, is not a part of the official act.

Appeal from the Parish of East Baton Rouge. Hon. George K. Favrot, Judge.

Action by Mrs. Pearl L. McVea against Mrs. Eudora S. Day, et als.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for plaintiff, appellant.

Chas. A. Holcombe, of Baton Rouge, attorney for defendant, appellee.

LECHE, J. Raul J. Duhon, a deputy sheriff for the parish of East Baton Rouge, while driving an automobile belonging to Mrs. Eudora S. Day, sheriff of the same parish, along the Jefferson Highway out of the city of Baton Rouge, in order to investigate suspected violations of law, came into collision with the automobile of plaintiff and damaged the same in the amount of one hundred and sixty-five and 95-100 dollars. Plaintiff alleges that said Duhon was driving at a rapid and dangerous rate of speed and negligently ran into and collided with her automobile. That she was driving her automobile at a moderate and safe rate of speed on the right-hand side of the highway and that said collision was due entirely to the carelessness and negligence of said Duhon. She charges further that said collision occurred while said Duhon was in the improper and negligent performance of an official act in his capacity as deputy sheriff. Relying substantially upon these allegations she prays for judgment against Duhon, Mrs. Day and the Union Indemnity Company, surety upon the bond of Mrs. Day as sheriff of the parish of East Baton Rouge.

The District Court maintained exceptions of no cause of action filed on behalf of Mrs. Day as sheriff and on behalf of the Union Indemnity Company, her surety as sheriff, and from a judgment dismissing plaintiff's suit as to these two defendants, the plaintiff has appealed.

It further appears that the collision charged to have been the result of Duhon's carelessness and negligence is alleged to have occurred while Duhon was on his way from the city of Baton Rouge to some remote place out in the country, that Duhon as deputy sheriff was going to that place to perform some official duty which demanded his presence, and plaintiff therefore contends and alleges that the collision occurred while Duhon was in the improper and negligent performance of an official act. The allegation that Duhon was at the time of collision in the improper and negligent performance of an official act is, however, a conclusion of law, which constitutes the sole issue in determining whether the petition discloses a cause of action as to the sheriff and her bondsman. The responsibility for answering that question, of course, rests upon the court, and plaintiff in making the allegation did so, for the purpose of clearly defining the legal position which she assumes in demanding relief from the court.

Our learned brother of the District Court came to the conclusion that plaintiff's petition showed no cause of action as to Mrs. Day, the sheriff, and as to the Union Indemnity Company, her surety as sheriff, and his conclusion is supported by forcible written reasons.

It must be kept in mind that Duhon was not an agent or representative of Mrs. Day in her individual or personal capacity, but was a subordinate official, representing the office of sheriff and acting as an agent whose appointment is provided by law and whose authority and duty is also reg-

ulated by law. The general rule in the Common Law States is that a sheriff is liable for all official neglect or misconduct of his deputy, and also for his acts not required by law, where the deputy assumes to act under color of his office and that such acts may include wrongs and trespasses under color of office. Some courts hold that in order to creat liability on the part of the sheriff such acts must be done by virtue of the office, and, in interpreting this rule, it is held that, in order to have that character, the act must have been done in an attempt to serve or execute process and as a means to that end. R. C. L., Vol. 24, p. 982.

The act charged to Duhon in the present case does not in any manner partake of that character. There is nothing from the facts alleged in the petition to indicate that Duhon recklessly ran his automobile into that of Mrs. McVea, under color of his office, or in an attempt to execute process of court and as a means to that end.

The only adjudication cited, or that we have been able to find on this subject, in the jurisprudence of this state, is the case of Sanders vs. Humphries, et al., 143 La. 43, 78 South. 168. The petition in that case was held to show no cause of action and the court, speaking through Mr. Justice O'Niell, said:

"The allegation that the reckless assault and shooting were done while Humphries was on duty as a deputy sheriff, and while he was acting as a deputy, agent, servant and employee of the sheriff, is not the same as to say that the acts were done in violation of or in an unlawful or improper performance of an official act. Insofar, however, as these allegations might be construed to mean that the assault and

shooting were the result of the reckless performance of an official act of the deputy sheriff, the allegations manifestly express only the opinion or conclusion of the plaintiff in that respect."

The syllabus, by the court, in that case, holds that "A sheriff is not liable, nor is the surety on his official bond liable, in damages for personal injuries to a citizen, inflicted recklessly by a deputy sheriff, unless it was done in violation of an official duty, or in an unfaithful or improper performance of an official act."

It appears from the language of that decision that the law in Louisiana is the same as that in the Common Law States and that the principles announced in R. C. L., hereinbefore cited, are properly applicable to this case.

Plaintiff charges that, when the collision took place, Duhon was on his way to investigate certain suspected violations of law, and, for that reason, she was of the opinion and came to the alleged conclusion that he was acting in his official capacity. It is obvious that to make the investigation, Duhon had to go to the place where the suspected violations of law took place, and it is equally obvious that, after making such investigations, he had to return to his office at the courthouse in the city of Baton Rouge, and, therefore, would it not be equally true, if plaintiff's contention is correct, that, if he had recklessly run his automobile into that of plaintiff on his return, such collision would also have been caused by him in his official capacity? Reasoning still further along the same line, Duhon presumably had to go from his home to his office at the courthouse in the morning of that day; would it not be equally reasonable to say that if

he had recklessly collided with plaintiff's automobile, on his way to the courthouse, he would also have then been acting in his official capacity?

Our conclusion is that, in order to hold a sheriff liable for a wrong committed by his deputy, such wrong must have been committed while in the actual performance of an official act, that such wrong must be directly connected with and, because of an official act and must have resulted from the manner in which such official act was performed. Of course, in this case there is no question of failure to perform an official duty; the complaint is that Duhon committed a wrong while acting in an official capacity.

Our further conclusion is that, in traveling or going to a place where an official act is to be performed, the manner in which a deputy travels, is not part of the official act.

For these reasons the judgment appealed from is affirmed.