218 So.2d 648 (1969)
Rodney P. GATES, Individually and as Natural Tutor and Administrator for the Use and Benefit of the Minor, Victoria B. Gates
v.
The HANOVER INSURANCE COMPANY, Salvador Mackles, Jr., Aetna Casualty and Surety Company, and John F. Rowley, Sheriff of St. Bernard Parish.
No. 3326.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1969.
*649 Wicker, Wiedemann & Fransen, Lawrence D. Wiedemann, New Orleans, for Rodney P. Gates, plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Paul B. Deal, New Orleans, for Aetna Casualty and Surety Co., third-party plaintiff-appellant.
Bernard, Micholet & Cassisa, Emile L. Turner, Jr., and Bienvenu & Culver, Ernest L. O'Bannon, New Orleans, for John F. Rowley, defendant and third-party defendant-appellee.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
BARNETTE, Judge.
The plaintiff, Rodney P. Gates, individually and on behalf of his minor daughter, Victoria B. Gates, and third party plaintiff, Aetna Casualty and Surety Company, have appealed from a judgment maintaining an exception of no cause of action and dismissing their petitions against defendant John F. Rowley, sheriff of St. Bernard Parish.
Plaintiff seeks recovery of damages arising out of the collision of an automobile, in which Victoria B. Gates allegedly was a guest passenger, with an ambulance allegedly owned by defendant Rowley. The petition alleges that the ambulance was driven by Deputy Sheriff Salvador Mackles, *650 Jr., who at the time in question was acting in the course and scope of his duties as deputy sheriff under the personal direction and control of Sheriff Rowley. Plaintiff seeks to impute Mackles' alleged negligence to Sheriff Rowley. Mackles is also made a defendant in his individual capacity.
Aetna Casualty and Surety Company was made a party defendant on the allegation that it was the liability insurer of the host automobile, driven by Delores C. Harp, who was also charged with negligence by plaintiff. Thereafter, Aetna assumed the position of third party plaintiff for contribution against the third party defendants, The Hanover Insurance Company, Mackles and Rowley.
Sheriff Rowley filed an exception to the court's jurisdiction based on his immunity from suit, and an exception of no right or cause of action directed to the plaintiff's petition and to the third party petition. More specifically he asserts that "* * * neither a Sheriff nor his surety on his official bond is responsible for the wrongful act of a Deputy Sheriff, unless such act was done in violation of an official duty, or an unfaithful or improper performance of an official act."
The district court maintained the exception of no cause of action and dismissed the plaintiff's petition and the third party petition. In his reasons for judgment, the trial judge relied entirely upon the authority of Gray v. De Bretton, 192 La. 628, 188 So. 722 (1939), and held that in that case the Supreme Court stated the jurisprudence of Louisiana on this subject, and "* * * distinguished between a public and private duty owed by a sheriff and his surety to third persons who were injured through the negligence of a deputy sheriff."
The question of a sheriff's and his official surety's liability for damages for wrongful or negligent acts of a deputy while in the discharge of the duties of his office has been before the courts of Louisiana many times. Our jurisprudence clearly distinguishes the liability of a sheriff for malfeasance, nonfeasance or improper performance of an official duty by a deputy, from the wrongful or negligent acts of a deputy while in the performance of a non-official act.
In the following cases, recovery of damages against the sheriff was allowed:
An unlawful assault was commited by a deputy on a prisoner in the official custody of the sheriff in a parish jail, Polizzi v. Trist, 154 So.2d 84 (La.App. 4th Cir. 1963); a judgment sustaining an exception of no cause of action was reversed and the case remanded for trial on allegation that deputy sheriff shot plaintiff who was attempting to surrender to him for arrest, Jackson v. Steen, 92 So.2d 280 (La.App. 2d Cir. 1957); a bystander was shot by a deputy sheriff for allegedly interfering with the deputy's investigation of a highway accident, Robertson v. Palmer, 55 So.2d 68 (La.App. 1st Cir. 1951); sheriff held for the violent assault by deputies upon an alleged "peeping tom" suspect in the course of arresting him. Dufrene v. Rodrigue, 38 So.2d 511 (La.App. 1st Cir. 1949); liability imposed for damages resulting from deputy's negligent operation of an automobile causing injury to a man under arrest and being transported in the automobile, Rhodes v. Jordan, 157 So. 811 (La.App.2d Cir. 1934). In this case there was the additional circumstance of a public liability insurance policy covering the automobile in which the arrested man was a passenger.
In Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967), recovery was allowed for survivors of persons killed in the crash of an airplane owned by a sheriff and piloted by his deputy at the time of the fatal accident. Judgment was rendered in the district court against the sheriff subject to the limits of recovery of his liability insurance. The Court of Appeal held that at the time of the accident the pilot was not acting under the control and supervision of the sheriff, and dismissed *651 the suit against him and his liability insurer. On writs to the Supreme Court, the Court of Appeal was reversed. The Supreme Court held that because the airplane could not be used without the specific consent and authorization of the sheriff, then at the time of the crash the aircraft was under the absolute control of the pilot, acting as the agent of the sheriff. However, the Court did not pursue any determination of the liability of the sheriff and his surety under the factual circumstances of the case because the sheriff did not appeal. The opinion of the Supreme Court is devoted primarily to a discussion of the right of direct action against the liability insurer arising out of an accident which occurred outside the territorial limits of this State, and thus is not apposite to the case before us.
In the following cases recovery was denied against the sheriff for acts of his deputy:
Where deputy shot an alleged "bootlegger" in the back, it was held that facts did not support he was acting under the orders and supervision of the sheriff, Britt v. Merritt, 219 La. 333, 53 So.2d 121 (1951); sheriff not liable where deputy negligently struck pedestrian while transporting a prisoner to the parish jail, Gray v. De Bretton, supra; allegations that deputy recklessly assaulted and shot person are not enough proof to hold sheriff liable in absence of sufficient evidence to show that the acts were done in violation or in an unfaithful or improper performance of an official act, Sanders v. Humphries, 143 La. 43, 78 So. 168 (1918); deputy was held to have acted in the capacity of a private citizen when he shot a fellow patron of a night-club who had engaged in a fight with a third person, Bolton v. Sevario, 25 So.2d 115 (La.App. 1st Cir. 1946); deputy was a participant in a conspiracy to persuade a woman to return to her estranged husband. In the course of attempting an illegal arrest, deputy shot innocent bystander. Held this was outside the authority of his office, Davis v. McDowell, 185 So. 634 (La.App. 2d Cir. 1938); sheriff not liable where deputy involved in automobile accident while traveling to investigate official matter, McVea v. Day, 6 La.App. 382 (La.App. 1st Cir. 1927).
Gray v. De Bretton, supra, was a suit for recovery of damages against the sheriff and the surety on his official bond because of the alleged negligence of a deputy sheriff in driving an automobile off the highway thereby injuring pedestrians. In denying recovery the Court applied the established principle in our jurisprudence, and said:
"In discussing this point it must be borne in mind that no liability attaches to the defendant sheriff under the doctrine of respondeat superior, or under the doctrines of master and servant and principal and agent. The relation between a sheriff and his deputy is an official and not a private relation. The deputy is not a representative of the sheriff in his individual capacity, but he is a public officer whose authority and duty are regulated by law. As to the public, whose servants these officers are, the acts and omissions of a deputy sheriff are the acts and omissions of the sheriff himself. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts and omissions both of himself and his deputy. Rich v. Graybar Electric Co., 125 Tex. 470, 84 S.W.2d 708, 102 A.L.R. 171, and annotations 102 A.L.R. 182, ix.
"The conditions of the official bond required of a sheriff are set forth in Act No. 52 of 1880, and the obligation of the bond is that the sheriff shall well and faithfully execute and make true returns of all such writs, orders and process as shall come into his hands as sheriff, and shall faithfully do and perform all such other duties as may be required of him by law. The surety on the bond is liable for the violation of an official duty by a deputy, or by his failure *652 to perform his duty faithfully to the same extent as the surety is liable for the official acts or omissions of the sheriff himself.
"In this case there is no question of failure to perform an official duty. The complaint is that Pocorello, the deputy, committed a wrong while acting in an official capacity.
"In order to impose liability on the sheriff and his official surety for the alleged wrong of the deputy sheriff, the petition should set forth facts showing that the alleged wrongful act of the deputy was committed while he was in the performance of an official duty and must have resulted from the wrongful manner in which such official duty was performed. This the petition does not do." 188 So. at 724-725.
The trial judge was entirely correct in holding this authority to be decisive of the issue raised by the exception of no cause of action filed on behalf of the defendant sheriff in this case.
Alternatively, the plaintiff and third party plaintiff seek a remand with leave to amend their petitions to overcome the objection pleaded by the exception of no cause of action, citing LSA-C.C.P. art. 934. Specifically, they ask for the right to amend their petition to allege specific acts of negligence on the part of Sheriff Rowley personally and also to allege a private agency relationship between him and his deputy, Mackles.
LSA-C.C.P. art. 934 provides as follows:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
The plaintiff alleged a vicarious liability of the sheriff as a result of the negligence of his deputy sheriff in driving the ambulance. The alleged acts of negligence related exclusively to his violation of traffic laws and the manner in which he operated the ambulance. The third party plaintiff adopted these allegations by reference and added nothing new. It is further alleged that the deputy was acting under the personal supervision and control of the sheriff, and that he was carrying out his "* * * official duties as a Deputy Sheriff * *." They now seek (according to statements contained in their briefs) an opportunity to allege primary negligence of Sheriff Rowley by failure to properly equip and maintain the ambulance or to allege a private agency relationship. This is not authorized by LSA-C.C.P. art. 934.
There was no corresponding article to LSA-C.C.P. art. 934 in the Louisiana Code of Practice. The purpose of article 934 was to give sanction to the policy of liberality regarding amendments, in proper situations, which had been developed in our jurisprudence. In spite of the language of article 934 wherein it provides that amendments shall be ordered when the grounds of the objection may be removed by amendment, the decision to allow amendment finally rests within the discretion of the court. Who but the court is to judge when the grounds of objection pleaded by the peremptory exception may be removed by amendment? Obviously this decision does not rest with the pleader. Therefore in the absence of a showing of manifest error or an abuse of discretion in finding that the grounds "cannot" be removed by amendment, the court's judgment should not be disturbed.
The inclusion of article 934 in the Code of Civil Procedure did not change the existing law. LSA-C.C.P. art. 1151, which corresponds to article 419 of the Louisiana Code of Practice, relates to pleadings generally, before and after joining of issue, and provides in the latter case that it be *653 allowed within the court's discretion. Article 934 of the Code of Civil Procedure is merely an extension of the court's discretion to include amendments to pleadings to which objections have been raised by peremptory exception. The obvious purpose of this extension is to serve the ends of justice by providing the court with a means of saving meritorious suits from the harsh fate of dismissal on peremptory exceptions, as was required under article 343 of the Code of Practice.
The objection to plaintiff's and third party plaintiff's petitions in this case is grounded on the nonimputability to the sheriff of a deputy's negligence committed in the discharge of his duties. We can conceive of no amendment by which their alleged cause of action against the sheriff, based on his vicarious liability as the superior officer of Deputy Mackles acting in the discharge of official duties, can be removed under our jurisprudence. In fact they do not propose to so amend but rather they propose, if allowed to do so, to change completely their basis of suit and now allege a different cause of action. They propose to allege a cause of action against the sheriff not based on his vicarious liability for the tortious acts of his deputy, but grounded on his primary liability as a tort feasor personally. This would not be an amplification or clarification of the allegations of the original petition, but a change of substance; the allegation of a different cause of action. This is not the kind of amendment contemplated by the article.
In any case one might speculate on many possible things which "may" be alleged additionally, but it is not the intent of LSA-C.C.P. art. 934 to permit the pleader to go on a fishing expedition in the mere hope that he might find something of substance to overcome the objection raised by the peremptory exception. There was no abuse of discretion by the trial judge in denying plaintiff the right to amend under the provisions of that article.
The conclusions we have reached find ample support in the following cases: James v. City of New Orleans, 151 La. 480, 91 So. 846 (1922); Brooks v. Fondren, 199 So.2d 588 (La.App. 3d Cir. 1967); Farbe v. Klein, 187 So.2d 467 (La.App. 4th Cir. 1966); Wallace v. Hanover Insurance Company of New York, 164 So.2d 111 (La. App. 1st Cir. 1964); Russell v. Vance, 90 So.2d 553 (La.App. 2d Cir. 1956); Palmer v. Presswood, 81 So.2d 116 (La.App. 2d Cir. 1955); Thomas v. Leonard Truck Lines, 7 So.2d 753 (La.App. 2d Cir. 1942); Matlock v. State, 4 So.2d 90 (La.App. 1st Cir. 1941).
For these reasons the judgment maintaining the exception of no cause of action and dismissing plaintiff's petition and the third party petition as to John F. Rowley, sheriff of St. Bernard Parish, is affirmed at their costs.
Affirmed.