TUCKER, Judge.
This is a suit by Nolan Billups against Charles Chauvin and his insurer Aetna Casualty and Surety Company, improperly denominated in the petition as Aetna Life and Casualty Company for Eleven Thousand Six Hundred Forty-six and No/100 Dollars ($11,646.00) for damages sustained in an accident on December 2, 1969, between a 1969 Buick Electra driven by plaintiff and an automobile allegedly driven by defendant Charles Chauvin. The vehicle driven by plaintiff sustained property damage in the amount of $3,400.00 of which Aetna has paid a total of $3,050.00, leaving a total unpaid balance for property damage to plaintiff’s vehicle of $350.00. Plaintiff sued for personal injuries, pain and mental suffering, loss of wages, and future medical expenses as well, in the total amount of $11,296.00.
*90 Defendants answered denying plaintiffs allegations and charging that the accident alleged was due solely to plaintiffs negligence. In the alternative they averred that they had paid plaintiff $3,050.00, which was not due by them and which they are entitled to offset against any funds for which they may be held liable to plaintiff.
By reconventional demand Aetna Casualty and Surety Company stated that it had entered into an act of sale with plaintiff whereby it agreed to purchase a 1967 Buick Electra from plaintiff for $2,800.00 and plaintiff had agreed to sell it. Although plaintiff had delivered physical possession of the automobile, it had not delivered an endorsed certificate of title in compliance with the Louisiana Vehicle Certificate of Title Law and it has failed to tender marketable title to the aforesaid vehicle in compliance with the Louisiana Civil Code. Aetna, plaintiff in reconvention, asked for a judgment rescinding the sale or, in the alternative, that Nolan Bil-lups be compelled specifically to perform the contracted sale by delivering the marketable title and endorsed certificate as requested. In the further alternative Aetna asked for damages for breach of contract in the amount of $2,800.00.
After the propounding of interrogatories by the defendants and the filing of a number of motions not relevant to the questions on appeal, the instant matter proceeded to trial on the merits on September 8, 1971. The witnesses were sequestered. As soon as it was brought out on trial that Charles Chauvin was not driving the automobile in question, counsel for plaintiff moved for an instanter amendment to the original petition adding the name of “Steve” to that of Charles Chauvin as defendant, and for a change of pleadings to show that Charles Chauvin is the father of the minor Steve Chauvin who was driving the automobile at the time of the accident. At this point the trial court continued the trial until September 30, 1971, ordering counsel for both sides to submit memoran-da on the motion to amend the pleadings. Subsequently defendants moved for summary judgment.
On the trial of the two motions mentioned above the trial judge denied motion to amend on the authority of Gates v. Hanover Insurance Company, 218 So.2d 648 (La.App. 4th Cir.1969), stating that to permit plaintiff to amend his pleadings as desired would constitute an enlargement of the pleadings to contain a different cause of action. The trial judge granted the defendants’ motion for summary judgment and dismissed plaintiff’s suit immediately after ruling on the motion to amend the pleadings. He stated that the affidavit filed on September 28, 1971, with the motion for summary judgment, showed that Charles Chauvin was not driving the automobile alleged to have been in the accident in which plaintiff was injured on December 2, 1969, and that, therefore, he could not be a tort-feasor, and Aetna, in turn, was absolved from liability. Counsel for plaintiff attempted to call himself as a witness to show that Charles Chauvin is insured by Aetna, and that as the father of the minor who was driving the automobile in question, he is liable for any delicts committed by the son driving the automobile in question. The court refused to permit counsel for plaintiff to call himself as a witness on the trial of the motion for summary judgment, using LSA-C.C.P. Art-966 as authority for refusing to do so.
Plaintiff has appealed to this court alleging error by the trial court in refusing to permit his attorney to amend his petition to show that Charles Chauvin was the father of the minor Steve Chauvin who was driving the automobile which allegedly caused plaintiff’s injuries, both Chauvins being insured by Aetna. Plaintiff-appellant alleges error, also, in the trial court’s refusal to permit him to make an affidavit as to the circumstances of the case in which he would show that he had brought suit against the defendants on the basis of impressions and representations made to him by Aetna Casualty and Surety Company.
*91 We are concerned mainly with the propriety of the trial court’s refusal to permit plaintiff to amend his original petition to name Steve Chauvin as a codefendant, or, more properly, to identify the driver of the Chauvin vehicle when the accident occurred.
The lower court reasoned that the proposed amendment, advanced by the plaintiff during the course of the trial on the merits, was not such a change in the pleadings as is contemplated by LSA-C.C.P. Art. 934. In support of his ruling in denying plaintiff’s right to amend the trial judge placed reliance in the case of Gates, supra. The Gates case involved an attempt on the part of the plaintiff to amend his petition, which originally sought recovery against a sheriff for the wrongful acts of his deputy, to set forth facts showing personal negligence on the part of the sheriff, and thus change his cause of action from one based on the vicarious liability of the sheriff for the wrongful acts of his deputy to another based on the personal liability of the sheriff himself. The trial court refused to allow the amendment and dismissed the suit on the sheriff’s exception of no cause of action.
We do not think that the cited case is substantially analogous to the facts presented in the case at bar. While the liability of a father for the delicts of his minor son may be vicarious insofar as the wrongdoings of his minor child as some cases have previously held, certainly such liability is not limited to the degree that a sheriff’s liability is constricted by statute and the jurisprudence for the wrongful acts of his deputy. A sheriff’s liability for the torts of his deputy turns on the proposition as to whether or not the deputy, when he commits the wrongful act, is engaged in carrying out his official duties while under the supervision and control of the sheriff. The liability of a father for the negligent acts of his minor child is not so constricted, and does not depend upon the capacity with which the minor is clothed and the authority by which he is acting when his wrongful acts cause damages to others.
The substantial tenor of the new Code of Civil Procedure, particularly Arts. 1151-1156 is to liberalize the procedural rules in regard to filing amendments to original pleadings even after judgment. We think the language of C.C.P. Art. 1154 is especially applicable to the issue here, and we quote said article as follows:
“ When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
In Nettles v. Great American Insurance Company, 155 So.2d 87 (La.App. 1st Cir. 1963) this court stated that the rules of procedure are designed to create an orderly administration of justice and are not ends unto themselves. The cited case involved the correctness of a trial court holding in permitting the substitution of a son as plaintiff for his father, the original plaintiff. There this court held that the trial judge properly allowed the questioned substitution.
As this court stated in Wallace v. Hanover Insurance Company, 164 So.2d 111 *92 (La.App. 1st Cir.1964) Arts. 1151-1156 closely follow Federal Rule 15 and reference was made to two methods by which original pleadings could be amended. The second procedure, with which we are concerned here is the authority of the court to allow amendment of pleadings where the evidence offered is objected to. In the cited case it was held that this judicial power should be used freely where the cause of justice and judicial efficiency will be served and the other party is not thereby prejudiced. (Emphasis supplied).
In a profound and detailed analysis (Tu. Law Rev. Vol. XL111 page 228-240) Justice Tate of the Supreme Court, in discussing the provisions of C.C.P. Art. 1154, points out that, when evidence is objected to at the trial as beyond the issues raised by the pleadings, though the objection be valid, the “court should allow the pleadings to be amended to permit admission of the evidence, in the absence of real prejudice or surprise to the opponent. If needed to enable the opponent to meet such evidence, a continuance should be granted.” Justice Tate quotes a passage, cited by Barron & Holtzoff Sec. 449, at 788, from the case of Robbins v. Jordan, 86 U.S.App.D.C. 304, 181 F.2d 793, 795 (1950) in which it was substantially held that a litigant should be protected from surprise resulting from a change of theory, but the court did not choose the proper method to protect him by excluding the amendment; that a continuance was the proper means to allow the opponent to meet the new evidence. A refusal to allow the amendment was held to be beyond the court’s discretion.
Applying the above principles to the circumstances at hand, we believe that the lower court abused its discretion in refusing to allow plaintiff to amend his petition in accordance with his oral motion to either name Steve Chauvin as a party defendant under the provisions of LSA-C.C. Arts. 1785, 1874 and 2227 and/or to identify the driver of the Chauvin car when the accident occurred.
The defendants did not plead surprise, but apparently relied solely on their position that such an amendment would create a new cause of action, which was denounced by the Gates case, supra. Of course, we actually do not know that a minor was driving the Chauvin vehicle, but for the purposes of this decision we must assume this to be the case. If this assumption is correct, a substitution of parties defendant is not required in order to fix liability; only an amendment to the original petition is needed to set forth the cause of action properly and with clarity. After such amendment is allowed by the trial judge, if proof is made that young Chau-vin was driving the car at the time of the accident and that his operation of same was negligent to the extent that it was the sole, proximate cause of the accident, the liability of Charles Chauvin for such wrongful operation would assume the same proportions as if the defendant father had been the driver of the car. The defendant Aetna stands in the shoes of its insured, Charles Chauvin.
The conclusions reached herein make it unnecessary that we discuss the other issues raised.
For the foregoing reasons the judgment of the trial court is reversed, and this suit is remanded to the lower court for further proceedings in accordance with law and the views expressed in this opinion.
Reversed and remanded.