386 So.2d 689 (1980)
James A. JEWELL, Plaintiff-Appellant,
v.
Rickey E. THOMPSON et al., Defendants-Appellees.
No. 7679.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
Rehearing Denied August 22, 1980.
*690 Camp, Carmouche, Palmer, Barsh & Hunter, G. Michael Bourgeois, Lake Charles, for plaintiff-appellant.
Hall, Lestage & Lestage, H. O. Lestage, III, Deridder, for defendants-appellees.
Before DOMENGEAUX, FORET and CUTRER, JJ.
FORET, Judge.
This matter is before us on an appeal from the granting of a motion for summary judgment by the trial court.
James A. Jewell filed suit against Rickey E. Thompson, Lonnie Blackmon, Blackmon Trucking Company, Inc., Boise Southern Company, Shirley D. Smith, Distributors Oil Company, Inc., Sinclair Oil Corporation, White Motor Corporation, Cummins Engine Company, Inc., and Continental Oil Company, Inc. seeking damages for personal injuries received on October 31, 1978. Lonnie Blackmon, Blackmon Trucking Company, Inc. and Boise Southern Company filed a motion for summary judgment asserting that plaintiff's suit in tort must fall because movers are the employers of plaintiff and are therefore responsible to plaintiff only for workmen's compensation benefits under Louisiana's Workmen's Compensation Law, specifically, LSA-R.S. 23:1061, et seq.
The record reveals that plaintiff was employed by Rickey Thompson on October 31, 1978, the date of Jewell's accident. Thompson had, in turn, contracted with Lonnie Blackmon and later Blackmon Trucking Company, Inc. to haul wood products to the Boise plant near DeRidder, Louisiana. Boise had engaged Lonnie Blackmon prior to 1977 to haul wood products. Later, Blackmon formed Blackmon Trucking Company, Inc. The relationship which existed between Blackmon and Thompson was in the nature of contractor-sub-contractor, Boise being the principal.
While en route to pick up a load of wood chips for delivery to Boise, Jewell stopped at the Blackmon Trucking facility located near DeRidder to fill the truck he was driving with diesel. The facility was leased to Blackmon Trucking by W. G. Henderson for $375.00 per month. During the filling operation, an explosion occurred, causing severe burns to Jewell.
The trial court, in ruling on the motion for summary judgment, was confronted with the question of whether or not a genuine issue as to material fact existed as to the contractual relationship between Lonnie Blackmon and/or Blackmon Trucking and Boise. Defendants contend that, although the contracts appear to be executed by Lonnie Blackmon individually and Boise, they were, in reality, executed between Blackmon Trucking and Boise. Defendants have filed in the record the affidavits of Lonnie Blackmon, Rickey Thompson, and Edwin *691 Russell, all of which support defendants' contention that in truth and in fact Boise contracted with Blackmon Trucking and not Lonnie Blackmon individually. The evidence submitted by defendants is to the effect that prior to August of 1977, Lonnie Blackmon, individually, contracted with Boise, but thereafter Blackmon Trucking was the contracting party. The evidence is also to the effect that Lonnie Blackmon never informed Boise of the incorporation of his business, and therefore the contracts were executed in the name of Lonnie Blackmon individually, as had been done prior to August of 1977. However, funds paid by Boise to Blackmon were deposited into the corporate account of Blackmon Trucking. Thompson was paid by checks drawn on Blackmon Trucking's corporate account.
Plaintiff asserts that the trial court erred in granting the summary judgment in that there is a genuine issue as to material fact with regard to the contractual status or relationship of movers. We agree.
LSA-C.C.P. Articles 966 and 967 provide:
"Art. 966. Motion for summary judgment; procedure.
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
"Art. 967. Same; affidavits.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt."
As stated previously, the mover-defendants have filed in the record affidavits supporting their motion. In addition to these affidavits, defendants have filed numerous other documents such as cancelled checks, deposit slips, wood receiving invoices, and requests for admission. Plaintiff has filed no affidavits or other documentary evidence in opposition to defendants' motion.
*692 Under LSA-C.C.P. Article 967, an adverse party may not rest on the mere allegations or denials of his pleading when a motion for summary judgment is made and supported as provided in Paragraph 1 of the same article. We note that the failure of an adverse party to file counter-affidavits does not automatically entitle one to a summary judgment. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1 Cir. 1977). The granting of a summary judgment is proper if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to a judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Affidavits and other documents are not substitutes for findings of fact by a court. This type of evidence must be scrutinized carefully when passing on the question of the granting of a summary judgment.
Summary judgment is not to be used as a substitute for the trial of a controverted fact which bears directly on the decision of a case. LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3 Cir. 1979); Simmons v. City of Lake Charles, 368 So.2d 1167 (La.App. 3 Cir. 1979).
All contracts contained in the record show Lonnie Blackmon as the contracting party. There is a genuine issue as to the status of Lonnie Blackmon and Blackmon Trucking Company, Inc. vis-a-vis Rickey Thompson and Boise. Plaintiff seriously disputes this relationship and should have the opportunity to examine the documents filed and to cross-examine any adverse parties. Summary judgments are not favored and any doubt will be resolved against the granting thereof, even where it may be favored by a preponderance of the evidence. Walker v. Graham, 343 So.2d 1171 (La.App. 3 Cir. 1977), writ denied, 346 So.2d 213 (La.1977).
In view of the above and foregoing, the summary judgment in favor of defendants is annulled and set aside. The matter is remanded for further proceedings; assessment of costs to await disposition of the merits.
ANNULLED, SET ASIDE AND REMANDED.