433 So.2d 294 (1983)
William ROBINSON
v.
ESTATE OF Donald W. HAYNES, et al.
Kim ROBINSON, et al.
v.
William L. MILLER, et al.
Barbara WASHINGTON
v.
LA. DEPT. OF TRANSPORTATION & DEVELOPMENT, et al.
Phillip DOMIANO
v.
SUCCESSION OF Donald HAYNES, et al.
Nos. 82 CA 0748 to 82 CA 0751.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
*295 J. Thomas Anderson, Hammond, for William Robinson.
Jerry Finley and David K. Balfour, Baton Rouge, for La. Dept. of Transp. & Development.
Hugh M. Glenn, Jr., New Orleans, for Nolan Spring, Ragusa Bros., Inc. and The Hanover Ins. Co.
Robert P. Hogan, Covington, for William L. Miller, John Bellard and Insured Lloyds.
Bernard J. Rice, III, Gretna, for John W. Bellard.
Grayson H. Brown, Baton Rouge, for The Travelers Ins. Co.
Hobart O. Pardue, Jr., Springfield, and Phillip T. Hager, New Orleans, for Barbara Washington.
Velma O'Neal, Hammond, for Phillip Domiano.
Johnny McGary, Ponchatoula, for Kim Robinson.
John Mark Rolling, Hammond, for Estate of Donald W. Haynes.
T.J. Seale, III, Hammond, for Nolan Jay Spring.
Clarence F. Favret, III, New Orleans, for William L. Miller.
*296 Byard Edwards, Jr., Ponchatoula, for Kim Robinson.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
This appeal stems from an automobile accident which occurred on August 14, 1979, on U.S. Hwy. 61 in St. Charles Parish, Louisiana.
The accident involved three vehicles: first, a tractor-trailer operated by John W. Bellard; second, an automobile operated by Donald Haynes, an employee of Ragusa Brothers, Inc.; and third, a pickup truck operated by Nolan Spring, an employee of Ragusa Brothers, Inc.
In the Haynes operated vehicle, the following persons allegedly were passengers: William Robinson, Joe Eddy Washington and Bernard Washington. In the Ragusa Brothers, Inc. vehicle operated by Nolan Spring, the following persons allegedly were passengers: Phillip Domiano and Kenneth Hodges. All of these individuals were employees of Ragusa Brothers, Inc.
Numerous lawsuits, approximately thirteen in number, were filed for damages arising out of the accident. The judgments, which are the subject of these appeals, were filed in four of seven suits which were consolidated for trial.
William Robinson (William Robinson v. No. 59,610 Estate of Donald W. Haynes, et al) and Phillip Domiano (Phillip Domiano v. No. 61,652 Succession of Donald W. Haynes, et al) filed suit for damages they allegedly sustained in the accident. Kim Robinson filed suit (Kim Robinson, et al. v. No. 59,972 William L. Miller, et al) for damages allegedly sustained by Joe Eddy Washington, while Barbara Washington filed suit (Barbara Washington v. No. 60,011 Louisiana Department of Transportation and Development) for damages allegedly sustained by Bernard Washington.
The State of Louisiana, through the Department of Transportation and Development (DOTD), was made a defendant in each of these four suits. DOTD, in turn, filed third-party demands against Donald W. Haynes, Ragusa Brothers, Inc., Nolan Spring, and others.
Nolan Spring, Ragusa Brothers, Inc. (Ragusa), and their insurer, Hanover Insurance Company (Hanover), filed exceptions of No Cause and No Right of Action or, in the alternative, a Motion for Summary Judgment to the third-party demand filed by the DOTD. The basis for such exception and motion was that due to the exclusiveness of Louisiana's workmen's compensation benefits, the DOTD could not maintain a third-party demand against Mr. Spring, Ragusa, and Hanover.
On July 16, 1982, the trial court signed judgments in each of these four suits, sustaining the exception of No Cause of Action, maintaining the Motion for Summary Judgment, and dismissing the third-party demand. No additional time was granted the DOTD, third-party plaintiff, to amend its petition. In so ruling, the trial court failed to issue reasons for its judgment. As such, we are at a loss for the basis on which the Motion for Summary Judgment was granted and the exception of No Cause of Action was sustained. Further, no testimony was taken prior to the granting of the Motion for Summary Judgment, nor were any affidavits filed in support of or in opposition to summary judgment being granted. As such, we are left with only the pleadings and depositions.
Appellant DOTD assigns as error the trial court's: (1) granting of a Motion for Summary Judgment where there existed genuine issues of material fact, and (2) sustaining an Exception of No Cause of Action without granting an additional time in which appellant could amend its pleadings.

1. MOTION FOR SUMMARY JUDGMENT
The standard of proof required for the granting of a Summary Judgment is stated in L.S.A.-C.C.P. art. 966, to-wit:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or *297 part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." (Emphasis added).
Judicial interpretation of this article has held that:
"A motion for summary judgment should be granted where it is shown that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Citations omitted. The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Citation omitted. And where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Citations omitted." (Emphasis added). Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); see also Broussard v. Henry, 423 So.2d 67 (La.App. 1st Cir.1982).
On review, this court must view the facts as recited by plaintiff in the light most favorable to him in his opposition to the Motion for Summary Judgment. Vascocu v. Singletary, 404 So.2d 301 (La.App. 3rd Cir.) writ denied, 409 So.2d 676 (La.1981). Accordingly, a close review of the facts as presented is pertinent at this time.
Appellant first contends that whether any or all of Ragusa's employees were in the course and scope of employment is a question of fact which would preclude the granting of a summary judgment. Appellees contend that whether or not the employees were in the course and scope of their employment, recovery is precluded against Spring, Ragusa, and Hanover.
It is first asserted by appellees that if the employees were in the course and scope of employment, then the exclusivity of Louisiana's workmen's compensation would bar the DOTD from any action against Ragusa and Hanover. Alternatively, they argue that if the employees were not in the course and scope of employment, then there were two separate and distinct accidents. As such, even if Spring were in the course and scope of his employment, he and his employer, Ragusa, would not be liable under the doctrine of respondeat superior. In contending such to be true, appellees assert that Haynes was the cause of the first accident and Spring was not involved in that accident. Consequently, Spring is not responsible to the occupants of the Haynes vehicle for injuries received by them resulting from that accident. And as to the second accident, they contend that the tractor-trailer driven by Bellard crossed over the center line and struck the Spring vehicle. As such, Spring was not the cause of the second accident.
It is well settled that whether an employee is in the course and scope of employment is a question of fact to be determined by the trier of fact on the trial on the merits. This question of fact precludes any granting of a summary judgment. Jewell v. Thompson, 386 So.2d 689 (La.App. 3rd Cir.), writ denied, 393 So.2d 746 (La. 1980).
We separately address the suit of Phillip Domiano v. Succession of Donald W. Haynes, et al, regarding the issue of whether he was in the course and scope of employment. Domiano, Ragusa, Spring and Hanover all agree that Domiano was in the course and scope of employment. Here, the question is whether a third party can inquire into this admitted allegation for the purpose of disproving same to enable them to preserve their rights against the employer *298 who may have been a joint tort feasor. As previously stated, whether an employee is in the course and scope of employment is a question of fact to be determined by the trier of fact on the trial on the merits, Jewell, supra, not by mutual agreement. We find that the DOTD, third-party plaintiff in this instance, has a right to inquire into those facts.
Appellees alternatively argue that if we find that their employees were not in the course and scope of employment, then they are not liable for the injuries sustained by Robinson (William Robinson v. Estate of Donald W. Haynes, et al), Joe Eddy Washington (Kim Robinson, et al. v. William L. Miller, et al) and Bernard Washington (Barbara Washington v. La. Dept. of Transportation and Development, et al) as Spring was not the cause-in-fact of the initial collision in which the above named individuals were involved. However, this conclusion presupposes that there were two separate and distinct accidents. The record itself casts doubt upon appellees' conclusion.
Mr. Bill McCulloch, a motorcyclist who was following the tractor-trailer driven by Bellard, stated in deposition that the tractor-trailer's rear wheels struck the curb on the righthand east-bound lane of the bridge and, as a result, crossed over the centerline and struck the on-coming Haynes vehicle. It then continued on, colliding with the Spring truck. Contrary testimony placed the Haynes vehicle in both the right west-bound lane and the left west-bound lane of traffic. Further, testimony placed the Haynes vehicle both in front of and attempting to pass the Spring truck. Such depositional testimony is most inconclusive. We cannot conclude, as the trial court must have done, that Haynes was the sole cause of this accident resulting in two collisions. This issue is a question of fact and must be decided on the merits.
We note that there is disagreement as to whether this three-vehicle incident was one or two accidents. This also is a question of fact and can only be decided on a trial on the merits.
From the depositional testimony given, there are genuine issues of material fact from which reasonable men might reach different conclusions. Viewing these facts in the light most favorable to the party opposing the Motion for Summary Judgment, we find that its being granted was inappropriate. The record before us is so incomplete and inconclusive as to prohibit any granting of a Motion for Summary Judgment.

2. EXCEPTION OF NO CAUSE OF ACTION
Appellant also assigns as error the trial court's failure to grant additional time in which appellant could amend its petition. L.S.A.-C.C.P. art. 934 provides that:
"When the grounds of the obligation pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." (Emphasis added).
The decision as to whether the objection pleaded can be removed by amendment to the pleadings rests within the discretion of the trial court. Absent a showing of manifest error or an abuse of such discretion, the trial court's judgment should not be disturbed. Gates v. Hanover Insurance Company, 218 So.2d 648 (La.App. 4th Cir.1969); see also Billips v. Chauvin, 262 So.2d 89 (La.App. 1st Cir.1972).
However, in the instant case, we do not have the benefit of the trial court's reasons for maintaining the exception. We find that the pleadings of the DOTD may well be construed to state a cause of action against Spring, Ragusa, and Hanover. Accordingly, we hold that the trial court erred in maintaining the exception of No Cause of Action.
For the above and foregoing reasons, we reverse the judgment of the trial court in granting the Motion for Summary Judgment and sustaining the exception of No Cause of Action, and remand to the lower *299 court for further proceedings in accordance with law and the views expressed in this opinion.
REVERSED AND REMANDED.