BYRNES, Judge.
This is a personal injury action. Albert Moak, plaintiff-appellant, was injured when he slipped and fell on steps which were constructed by Howco Builders Inc. The fall occurred while he was employed by Spector Motor Freight Systems, Inc. [Spec-tor]. As Moak was leaving a foreman’s shack, in Spector’s freight terminal, the stairs gave way and he fell to the ground, injuring his back. He filed suit in Civil District Court, Orleans Parish, against William Breene and Russell Easley as executive officers of Spector; H.O. Wagner, H.O.W. Builders, and/or HOWCO Portable and Utilities Building Corp., d/b/a HOW-CO Builders Inc. [“HOWCO”]; and Bituminous Fire and Marine Insurance Co. [“Bituminous”].
Moak entered into a compromise settlement with HOWCO and Bituminous in the amount of $27,500.00, dismissing them from the suit. Prior to trial the remaining defendants, Breene and Easley, filed motions for summary judgment, seeking dismissal of plaintiffs claims on the grounds that they were not employed by Spector at the time of the accident. The trial court found that there was a genuine issue of material fact regarding Breene’s motion and denied it. However, Easley’s motion was granted and he was dismissed as a defendant. Moak appeals Easley’s dismissal.
La.C.C.P. Article 966 states in pertinent part:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
It is well settled that if there is any doubt as to whether genuine issues of material fact exist, summary judgment should be denied. Vascocu v. Singletary, 404 So.2d 301 (La.App. 3rd Cir.1981) writ denied, 409 So.2d 676 (La.1981). Moreover, “on review, this court must view the facts as recited by plaintiff in the light most favorable to him in his opposition to the Motion for Summary Judgment.” Robinson v. Estate of Haynes, 433 So.2d 294, 297 (La.App. 1st Cir.1983).
Moak contends that the trial court erred in granting Easley’s motion for summary judgment. Easley argues that, because he was not employed by Spector at the time of the injury, he cannot be held personally liable for its occurrence. He further contends that when he was employed by Spec-tor he was not responsible for the installation or manufacture of the steps which caused the injury.
To impose executive officer liability on an individual it is essential that a principal-agent or employer-employee relationship be established. Without such a relationship there is no basis for the imposition of such liability. See Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In the case at bar the evidence establishes that Easley terminated his employment with Spector in May of 1968, seven months prior to Moak’s injury. Thus it appears that there was no employer-employee relationship between Easley and Spector at the time of Moak’s accident. Moreover, there is no evidence to show that Easley had any direct responsibility for the original construction or installation of the defective steps.
Viewing these facts in the light most favorable to the plaintiff it is clear that no genuine issue of material fact existed in this case. Easley was not an employee or an executive officer of Spector when appellant’s accident occurred. The judgment of the trial court maintaining appellee’s motion for summary judgment is affirmed.
All costs of this appeal are to be borne by appellant.
AFFIRMED.